UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY, <br> Plaintiff, <br><br> v. <br><br> YEMELI A., et al. <br><br> Defendants. <br><br> In re: A.M.A., A.L.A. | Civ. No. 21-14221 (KM) <br><br><br> **MEMORANDUM OPINION** |

## KEVIN MCNULTY, U.S.D.J.

      Pro se Defendants are the parents and maternal grandparents of the two young children who are the subject of abuse allegations and a related custody proceeding in Family Court. They have filed a notice of removal of the Family Court case to this Court, citing diversity jurisdiction. (DE 1.) The mother and father have also filed two habeas petitions which substantially overlap the arguments and claims made here. (*See* Docket Nos. 21-cv-15451, 21-15407). I discussed the background of this matter in more detail in my decision dismissing the mother's habeas petition in docket number 21-cv-15451; here, I address only the jurisdictional defects specific to Defendants' choice to remove the Family Court action to this Court.

      Briefly, Defendants allege that the plaintiff, New Jersey Division of Child Protection and Permanency (the "Division"), has "abducted" the children from New York to New Jersey, where the eldest has been ill and medically neglected for several weeks with flu symptoms. (*Id.*) Defendants also appear to move to dismiss the Family Court custody complaint and seek to assert various counterclaims against individual Division employees, arguing that there is no evidence of abuse and the employees made false arguments to the Family Court to secure custody. (*Id.*) Having reviewed the notice of removal and underlying documents and the two substantively identical habeas petitions, I will *sua sponte* remand this action back to Family Court because this Court lacks subject matter jurisdiction. *Thomas v. BJ'S Wholesale Club, Inc.*, No. CV1917048, 2020 WL 1853036, at *2 (D.N.J. Apr. 13, 2020) ("Courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."); *Bank of New York Mellon for*

*Certificate holders of CWALT, Inc., Alternative Loan Tr. 2006-0A10 Mortg. Pass-Through Certificates Series 2006-0A10 v. Mazza*, 743 F. App'x 504, 506 (3d Cir. 2018) (28 U.S.C. § 1447 "does not authorize a District Court to remand a matter sua sponte for any reason *other than lack of subject-matter jurisdiction*") (emphasis added).

A defendant may remove a civil action to federal court if the federal court would have original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Where subject matter jurisdiction is based on diversity jurisdiction, all plaintiffs must be of diverse citizenship from all defendants, and the amount in controversy must exceed $75.000. 28 U.S.C. § 1332(a): *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

Defendants' allegations of diversity jurisdiction are faulty. A state (or state agency, like the Division) is not considered a "citizen" for purposes of 1332(a). Thus, a suit between a state and a citizen of another state is not a suit between citizens of different states for purposes of diversity jurisdiction. Federal courts have no diversity jurisdiction over such matter*s. See Harris v. Pennsylvania Tpk. Comm'n*, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969) ("Since neither a state nor its alter ego is a citizen for purposes of diversity jurisdiction, a suit between a state, or its alter ego, and a citizen of another state is not a suit between citizens of different states and diversity jurisdiction does not exist."). Nor have defendants asserted any other, independent basis for jurisdiction, such as claims asserted by a plaintiff that "arise[ ] under the Constitution, laws or treaties of the United States." *State Highway Comm'n of Wyoming v. Utah Constr. Co.*, 278 U.S. 194, 200 (1929). To the extent that Defendants seek to assert a counterclaim based on "evidence…regarding federal funds…taken by the Division," such federal funding "cannot serve as an independent basis for establishing jurisdiction." *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1026 (7th Cir. 2001).

Second, even if the prerequisites of diversity jurisdiction were present, "the Supreme Court has long recognized a domestic relations exception to federal diversity jurisdiction." *Matusow v. Trans-Cty. Title Agency, LLC*, 545 F.3d 241, 245 (3d Cir. 2008), citing *Ankenbrandt v. Richards*, 504 U.S. 689, 693-94 (1992). "The modern rule…provides that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Id; Brown v. Brown*, 783 F. App'x 267 (3d Cir. 2019) (affirming dismissal with prejudice where plaintiff had "mistaken belief" that district court was "the next step in the

appeals process for his child custody case" in state court), *cert. denied*, 141 S. Ct. 341 (2020); *Brookins v. Whatley*, No. CV171644, 2017 WL 3710064, at *2 (D.N.J. Aug. 28, 2017) (Plaintiff's statement that "I only want and need my children back" "would function as a child-custody decree that is subject to the 'domestic relations' exception" over which this Court cannot exercise subject-matter jurisdiction.); *cf Matusow,* 545 F.3d 241, 246 (3d Cir. 2008) (permitting claims for damages and to quiet title which relate to divorce decree, but does not ask the court to alter the decree nor contest its validity). To the extent that Defendants seek to pursue a counterclaim against the Division and its employees for alleged fraud, "a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages." *Thomas v. Martin-Gibbons*, No. 20-3124, 2021 WL 2065892, at *3 (2d Cir. May 24, 2021).

Here, Defendants clearly challenge an ongoing custody proceeding. On June 10, 2021, the Family Court entered an order directing further conferencing, medical exams, and fact finding in late July. It is unclear whether the Family Court has entered any order since then, but even if the outcome is unfavorable to Defendants, there remains a state appeals process for Defendants to pursue.

The same holds for the most recent filing by one of the Defendants, the children's mother, styled as an "emergency motion for child pick-up order." (DE 9.) The motion requests essentially the same relief as the other filings I have discussed, and for the same reasons: return of the children to her custody based on fraud and medical necessity. As both I and Judge Martinotti have discussed, that relief must be pursued in state court. Accordingly, the motion is denied, without prejudice as to Defendants' right to seek that relief in the proper forum.

## CONCLUSION

For the reasons stated above, this matter is **REMANDED** for lack of subject matter jurisdiction. The Clerk of Court shall transfer the file back to the Superior Court of New Jersey, Chancery Division: Family Part, Bergen County.

Dated: August 24, 2021

/s/ Kevin McNulty

_____

KEVIN MCNULTY
United States District Judge